1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                        DISTRICT OF OREGON
9                        PORTLAND DIVISION
10
TANYA BRINKMAN,                    )
11                                 )
               Plaintiff,          )    CV-10-1454-HU
12                                 )
       vs.                         )    OPINION AND
13                                 )    ORDER
BISHOP, WHITE AND MARSHALL         )
14 LAW FIRM, and ANN T. MARSHALL,  )
Co-owner of Bishop, White and     )
15 Marshall Law Firm,              )
                                   )
16             Defendants.         )
17                        _____
18
MOSMAN, District Judge:
19
       Plaintiff Tanya Brinkman ("Brinkman"), appearing *pro se*,
20
brings this action under the Federal Arbitration Act, 9 U.S.C. § *et*
21
*seq*, requesting that the court vacate a June 2007 arbitration award
22
and Washington County Circuit Court default judgment, and the
23
resulting Washington County Circuit Court garnishment order.
24
Brinkman and her husband Dan Brinkman are no strangers to federal
25
court.[1]
26
          [1] Combined, the couple has recently filed five cases in the
27 federal court: *Brinkman v. Liberty Tax Service et al*, 10-CV-192-HU;
*Brinkman v. Democratic Nat'l Committee et al*, 10-CV-468-PK;
28 *Brinkman v. Leatherwood et al*, 10-CV-1133-KI; *Brinkman v. Grant et*

In this instance, Brinkman alleges a claim under the Federal Arbitration Act, as well as asserting that defendants committed several federal crimes against her.  Specifically, Brinkman alleges that the Washington law firm of Bishop, White and Marshall ("the law firm") was involved in illegally obtaining an arbitration award against her in the amount of $9,000.  (Compl. at 2.)  Brinkman alleges that Wolpoff and Abramson, a different law firm that is not a named party, sent her notice of arbitration proceedings ("Notice") related to Brinkman's unpaid MBNA credit card debt via certified mail.  (*Id.*)  According to Brinkman, Wolpoff and Abramson somehow forged the signature on the January 5, 2007, certified mail receipt section entitled "Complete this section on delivery." (Compl. at 2-3; Ex. 1.)  Brinkman alleges that she did not receive the Notice, and missed the arbitration proceedings.  (Compl. at 2-3.)  Brinkman asserts that she received the certified mail receipt showing delivery of the Notice when the defendants accidently sent it to her in September 2009.  (Compl. at 4.)

On May 14, 2007, an arbitrator awarded MBNA $8,949.91. (Compl. Ex. 1 at 4.)  According to Brinkman, when MBNA's attorneys attempted to obtain a judgment based on the arbitration award in Washington County Circuit Court, Brinkman "filed an official Answer with the Washington County court system in Hillsboro, Oregon stating that she was never notified of any arbitration hearing by MBNA company's attorneys or from the company itself."  (Compl. at 4.)  Brinkman alleges that MBNA's attorney successfully obtain a judgment against her, and in July 2009, Brinkman's bank, Wells

*al*, 11-CV-118-BR, and the instant cases

Fargo, notified her that her joint checking account was being garnished in connection with this matter. (*Id.*) Brinkman asks the court "to vacate the fraudulently obtained arbitration judgment from June of 2007 and the state default order judgment from late 2007 and the 2009 state garnishment order." (Compl. at 5.)

Brinkman filed her complaint and application for leave to proceed *in forma paurperis* ("IFP application") on November 24, 2010. The Court denied Brinkman's IFP application because her income appeared sufficient to pay the fee, and the reason she cited in support of her application was not authorized by statute. Brinkman was instructed to pay the required $350.00 no later than April 14, 2011, or risk a dismissal of her case. On March 16, 2011, in light of the delay of entry of the order addressing Brinkman's IFP application, the Court extended her deadline to serve each defendant with a summons and a copy of the complaint to May 16, 2011.

On April 15, 2011, Brinkman submitted a motion for reconsideration of her financial waiver request. Within the motion for reconsideration, Brinkman argued that she was entitled to financial waiver due to, amongst other things, the four months she waited to hear back on her IFP application and an intervening $1,300 in car maintenance bills. She was still employed and appears able to pay the filing fee.

After a hearing in which Brinkman requested mediation and a defendants' representative agreed, the Court issued a May 4, 2011 order referring the case to mediation in accordance with LR 16-4. On May 5, 2011, the Court also issued an order which granted, in part, Brinkman's motion for reconsideration. Specifically,

ORDER                                    3

Brinkman's application to proceed IFP was granted to the extent that while she was required to pay the full $350.00 filing fee, she was given an extended period of time to do so, by making four payments of $87.50, each on or before the following dates: June 3, 2011; July 5, 2011; August 5, 2011; and September 6, 2011. Brinkman was told that failure to meet any of the installment deadlines would result in dismissal of her case without prejudice.

On June 3, 2011, Brinkman filed an Official Notification Request to the Federal Court, which the Court construed as a request for an extension of time to pay her filing fees and as a request to amend her complaint. This interpretation was supported by the fact that (1) Brinkman indicated, "I am just asking the Court and Judge Hubel at this time to set-aside this existing federal complaint for 45 days until I can re-file a more comprehensive, stream-lined federal complaint against Bishop, White and Marshal and MBNA[,]" and (2) her indication that she wished to file a "new financial waiver again with a different presiding judge[.]" (Doc. #15 at 2.)

On June 3, 2011, the Court denied Brinkman's Request having interpreted it as a request for an extension of time. However, since the order was issued on June 3, 2011, the deadline of Brinkman's first filing fee installment, the Court allowed her a minor concession. Specifically, Brinkman was given until Tuesday June 7, 2011, at 4:30 p.m. to make her first payment. If payment was not made by that deadline, Brinkman was told a recommendation would be sent to a district judge for dismissal of this case, without prejudice. Brinkman was also told there would be no extensions allowed.

ORDER                                    4

On June 7, 2011, Brinkman filed a "Motion to Defer Withdraw of Existing Federal Complaint for 12 Days and Stoppage of First Quarterly Payment" and a "Notification of Withdraw of Existing Federal Complaint on Monday June 20th, 2011." On June 7, 2011, the Court denied this motion, having interpreted it as a motion to extend the date for payment of the first installment.

On June 7, 2011, Brinkman had also emailed the Clerk referencing the fact that she had sent the previously referenced motion via FedEx. Brinkman requested a response to the motion by June 8, 2011, at 10 a.m. Brinkman indicated that she had until that time to make the payment on the filing fee. The Clerk responded that the deadline was June 7, 2011, at 4:30 p.m. and indicated that the Court reviewed her motion and, consistent with the order on June 3, 2011, the Court would not entertain any further extension requests. In addition, the Court made clear that if she actually filed the motion, it would be denied. Brinkman then responded via e-mail, "Please read the attached Notification to the Court. It is very time sensitive and effective immediately by 3:30 today, Tuesday June 7th, 2011. Please make sure Judge Hubel reads it today as well." This Notice purports to withdraw her complaint, but it has not been filed with the Clerk.

## CONCLUSION

For the reasons set forth above, this action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this _8th___ day of June, 2011.

/s/ Michael W. Mosman

_____

Honorable Michael W. Mosman
Unites States District Judge

ORDER                                5